**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020-1104

Attorneys for Defendant BDO SEIDMAN, LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
HARBINGER CAPITAL PARTNERS              :
MASTER FUND I, LTD., et al.,
                                        :
            Plaintiffs,
                                        :    Index No. 07-CV-08139 (DC)
     -against-
                                        :    **ORAL ARGUMENT REQUESTED**
WACHOVIA CAPITAL MARKETS, LLC
d/b/a WACHOVIA SECURITIES, et al.,      :

            Defendants.                 :
------------------------------------ X


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BDO SEIDMAN, LLP'S MOTION TO DISMISS**




November 13, 2007

Defendant BDO Seidman, LLP ("BDO") respectfully submits this memorandum of law in support of its motion for an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing plaintiffs' Complaint.

## PRELIMINARY STATEMENT

Plaintiffs are members of a syndicate that loaned money to a company named Le-Nature's, Inc. (Certain of the plaintiffs are alleged successors in interest to the original lenders.) Le-Nature's is currently in bankruptcy, and has defaulted on plaintiffs' loan.

In this action, plaintiffs assert claims against two former Le-Nature's executives, and also against Wachovia Capital Markets, LLC ("Wachovia"), an affiliate of the administrator of the syndicate, and BDO, Le-Nature's outside auditor in the period preceding the bankruptcy. Plaintiffs seek recovery of the money the syndicate lent to Le-Nature's, plus interest.

Plaintiffs are also creditors in the Le-Nature's bankruptcy. In fact, plaintiffs are active members of a consortium of creditors that has proposed a bankruptcy reorganization plan. The plan contemplates the appointment of a "Liquidation Trustee" who would be authorized to bring suit against Wachovia and BDO (among others). The consortium has estimated the value of any recovery to the estate to be potentially in the hundreds of millions of dollars.

Plaintiffs ground federal jurisdiction in this matter on their RICO claims. It is black letter law in the Second Circuit, however, that a lender's RICO claim is not ripe, and must be dismissed, if the lender has not exhausted other available legal remedies that might reduce its alleged damages. Plaintiffs here have yet to exhaust their available legal remedies in the Le-Nature's bankruptcy proceedings. Accordingly, plaintiffs' RICO claims are not ripe, there is no federal jurisdiction, and this action should be dismissed.

## Factual Background

The facts necessary to decide this motion are contained in plaintiffs' own Complaint and in the filings they have made in the Le-Nature's bankruptcy.[1]

A.   The Loan

Le-Nature's, a company that manufactured, bottled and distributed non-carbonated beverages, was a Delaware corporation with its principal place of business in Latrobe, Pennsylvania. (Complaint ¶ 36) In September of 2006, an affiliate of Wachovia underwrote a loan to Le-Nature's of $285 million (the "Loan"). (Complaint ¶ 3) The Loan was "syndicated" by the Wachovia affiliate – *i.e.*, the loan was sold to a variety of investors. (*Id.*) The plaintiffs in this action are comprised of several of the original syndicate lenders, as well as entities that purchased their interest in the Loan from other original syndicate members. (Complaint ¶¶ 161-63)

B.   The Le-Nature's Bankruptcy

Le-Nature's was placed in involuntary bankruptcy in November of 2006. (Complaint ¶ 2) The bankruptcy is pending in the Western District of Pennsylvania, *In re Le-Nature's, Inc., et al.*, Case No. 06-25454, and has been converted to a proceeding under Chapter 11 of the bankruptcy code. (Complaint ¶ 52) According to plaintiffs, the bankruptcy resulted from a "massive and now widely acknowledged fraud" by Le-Nature's. (Complaint ¶ 1)

---

[1] The Complaint is attached as Exhibit 1 to the accompanying declaration of Cary B. Samowitz, dated November 13, 2007 ("Samowitz Declaration"). This Court may take judicial notice of the filings made in the bankruptcy. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

2

C.  Plaintiffs' Complaint

In this action, plaintiffs have brought suit against Wachovia and two former Le-Nature's executives, Gregory Podlucky and Robert Lynn. (Complaint ¶¶ 32 and 34-35) Plaintiffs have also sued BDO, the company's former outside auditor. (Complaint ¶ 33) In essence, plaintiffs allege that Wachovia and BDO knew of Le-Nature's fraudulent activity and conspired to hide the fraud from plaintiffs and others. (See, e.g., Complaint ¶10) Plaintiffs raise claims for violation of the federal RICO statute, along with state law claims for negligence, fraud, aiding and abetting fraud and civil conspiracy. (Complaint ¶¶ 184-283)

D.  Plaintiffs' Alleged Damages

Plaintiffs assert that "[b]ecause of Le-Nature's financial distress, the Company is unable to repay the [Loan], including interest thereon." (Complaint ¶ 4) Plaintiffs do not allege any injury beyond the value of the Loan. (See Complaint "Wherefore" clause, at pp. 84-85) Indeed, other than punitive damages and RICO treble damages, plaintiffs' damage claims are based exclusively on "the principal and accrued interest of their respective loan positions . . . ." (Id.)

E.  Plaintiffs' Ongoing Attempt to Recover Their
    Alleged Damages in the Le-Nature's Bankruptcy

Plaintiffs have been active participants in the Le-Nature's bankruptcy. All but one of the plaintiffs are members of an "ad hoc" committee of secured lenders (the remaining plaintiff is also a Le-Nature's creditor.) (See Fifth Amended Verified Statement and exhibits thereto, dated June 20, 2007, filed by the "ad hoc" secured lenders' committee and attached to the Samowitz Declaration as Ex. 2) That committee has joined forces with other committees and the bankruptcy trustee to propose a reorganization plan. The plan would create a "Liquidation Trust" to be managed by a "Liquidation Trustee." (See Supplemental Response, dated August 16, 2007, filed on behalf of the "ad hoc" secured lenders' committee and other bankruptcy

3

committees and attached to the Samowitz Declaration as Ex. 3, at p. 3) The Liquidation Trustee would be charged with marshaling estate assets – chiefly by bringing claims against those parties who "are responsible for the collapse of Le-Nature's," including, allegedly, the defendants in this action. (*Id.* at p. 6) The plan proponents have stated their "expectation of substantial estate recoveries from tort actions," and note that other bankruptcies this year have resulted in judgments against auditors "for over $160 million" and "over $500 million." (*Id.* at p. 6, n. 8) Consistent with this "expectation," the plan proponents have submitted scenarios contemplating the recovery and distribution of hundreds of millions of dollars. (*Id.* at p. 7) In fact, plaintiffs here, through their counsel in the bankruptcy, have flatly stated that "the Plan provides an opportunity for all creditors – secured and unsecured alike – to recover what was lost in the massive fraud that led to Le-Nature's momentous collapse." (*Id.* at p. 2)

The bankruptcy court is currently considering whether to let the proposed plan proceed, and also whether the case should be converted to a proceeding under Chapter 7 of the Bankruptcy Code. (*See id.* at p. 1) Regardless, it is clear that ultimately, either a Chapter 11 or a Chapter 7 trustee will bring "tort actions" and otherwise seek to fill the coffers of the Le-Nature's estate.

## ARGUMENT

On a motion to dismiss, this Court must accept the well-pleaded factual allegations in the Complaint as true. *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). However, this Court is not required to accept the Complaint's legal conclusions, whether they are directly stated or "masquerading as factual conclusions." *Id.* (citation omitted).

I.  **PLAINTIFFS' RICO CLAIMS ARE NOT RIPE**

It is black-letter law in the Second Circuit that "a cause of action does not accrue under RICO until damages become clear and definite." *Burke v. Dowling*, 944 F. Supp. 1036, 1050 (E.D.N.Y. 1995) (citing *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 768 (2d Cir. 1994), *cert. denied*, 513 U.S. 1079 (1995)). The damages that must be clear are those caused by the precise "conduct constituting the [RICO] violation" as opposed to conduct that may support other causes of action. *First Nationwide Bank*, 27 F.3d at 768.

When, as here, the RICO plaintiffs are lenders, they must exhaust their available remedies to collect the unpaid loan before they may bring a RICO action. *See Motorola Credit Corp. v. Uzan*, 322 F.3d 130, 135-36 (2d Cir. 2003) ("only after the lender has exhausted the bargained-for remedies available to it can the lender assert that it was damaged by the fraud, and then only to the extent of the deficiency."); *see also First Nationwide Bank*, 27 F.3d at 768; *Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 398-99 (S.D.N.Y. 2000) (plaintiffs could not "claim that their loans [were] uncollectible before making any effort to collect them 'through the traditional legal means available to them.'"); *Burke*, 944 F. Supp. at 1050 (RICO claim was not ripe since plaintiff made no effort to collect on loan and could not show that they would be unable "to recover all or part of their losses.") The Second Circuit made clear in *Motorola Credit Corp., supra*, that a plaintiff must first pursue all legal remedies even if those remedies offer only a "forlorn hope" of recovery. 322 F.3d at 137.

Here, the Le-Nature's bankruptcy is pending and the parties thereto are actively pursuing recovery on behalf of the debtor – recovery that could reduce or even eliminate plaintiffs' damages. Indeed, plaintiffs themselves have stated that claims to be asserted in the bankruptcy could lead to a recovery of hundreds of millions of dollars. Under plaintiffs' own admission, the

5

bankruptcy offers far more than even the "forlorn hope" found to be sufficient to bar standing in *Motorola Corp.* Dismissal of plaintiffs' RICO claims is therefore mandated. *See Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1106 (2nd Cir. 1988) (creditor plaintiffs' RICO claims are unripe when plaintiffs may be able to gain a recovery through pending bankruptcy proceedings); *L'Europeenne de Banque v. La Republica de Venezuela,* 700 F. Supp. 114, 118-19 (S.D.N.Y. 1988) (same).

## II.   BECAUSE PLAINTIFFS' RICO CLAIMS ARE NOT RIPE, THIS ACTION SHOULD BE DISMISSED FOR LACK OF FEDERAL JURISDICTION

Plaintiffs claim three bases for jurisdiction: federal question, supplemental jurisdiction, and jurisdiction related to the Le-Nature's bankruptcy proceedings. All of these bases are unavailable here.

Federal question jurisdiction is unavailable if plaintiffs' RICO claims are dismissed.

Settled law holds that this Court should decline to exercise supplemental jurisdiction when, as here, plaintiffs' federal claims have been dismissed before trial. *See, e.g., New York Mercantile Exch. Inc. v. Intercont'l Exch., Inc.,* 497 F.3d 109, 118-19 (2d Cir. 2007) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (quotations omitted)).

Finally, 28 U.S.C. § 1334(b) provides that federal courts shall have non-exclusive original jurisdiction over civil cases which are "related to" a chapter 11 bankruptcy proceeding. Plaintiffs here attempt to assert direct claims on their own behalf as opposed to claims that are property of the Le-Nature's estate. It is questionable at best whether such claims satisfy the "related to" test. *See In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 114 (2d Cir. 1992) ("related to" jurisdiction requires that the litigation have a "significant connection" to the bankruptcy proceeding). But in any event, even if plaintiffs' claims were "related to" the bankruptcy, this

6

Court should exercise its discretionary power to abstain under 28 U.S.C. § 1334(c)(1) given that plaintiffs' claims are exclusively filed under state law. *See Deep v. Boies*, No. 1:05-CV-1187 (FJS/RFT), 2007 WL 169940, at *3 (N.D.N.Y. Jan. 17, 2007) (court abstains from exercising jurisdiction when only state law claims are presented and there is no other basis for federal jurisdiction).

## CONCLUSION

For the foregoing reasons, defendant BDO Seidman, LLP respectfully requests that this Court dismiss plaintiffs' Complaint in its entirety, and award such other and further relief as the Court deems just and proper in the circumstances.

Dated: New York, New York
       November 13, 2007

*[signature]*
Cary B. Samowitz

Palmina M. Fava
Thomas F. O'Neil III
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4500

Attorneys for Defendant
BDO SEIDMAN, LLP

Of counsel:

Michael S. Poulos
R. Matthew Hiller
DLA PIPER US LLP
203 N. LaSalle Street
Suite 1800
Chicago, Illinois 60601-1293
312.368.4000

NEWY1\8165655.1