Exhibit 3

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
Civil Action No: 07-CvS-5097

WACHOVIA BANK, NATIONAL
ASSOCIATION and WACHOVIA
CAPITAL MARKETS, LLC

                                    Plaintiffs,

        v.

HARBINGER CAPITAL PARTNERS
MASTER FUND I, LTD. d/b/a
HARBINGER CAPITAL PARTNERS
MASTER FUND 1 d/b/a HARBINGER
CAPITAL PARTNERS MASTER FUND I;
AURELIUS CAPITAL MASTER, LTD.,
AURELIUS CAPITAL PARTNERS, LP,
LATIGO MASTER FUND, LTD.,
HARBINGER CAPITAL PARTNERS
OFFSHORE MANAGER, L.L.C.,
AURELIUS CAPITAL MANAGEMENT,
LP, AURELIUS CAPITAL GP, LLC,
LATIGO PARTNERS, L.P., TACONIC
OPPORTUNITY FUND L.P., SCHULTZE
MASTER FUND, LTD., UBS WILLOW
FUND, L.L.C., ARROW DISTRESSED
SECURITIES FUND, TACONIC
CAPITAL MANAGEMENT LLC, AND
BOND STREET CAPITAL LLC,

                                    Defendants.

ORDER GRANTING
PRELIMINARY INJUNCTION
AND DEFERRING FINAL RULING ON
MOTION TO DISMISS

This matter came on for hearing in Mecklenburg County Superior Court on March 29, 2007, after due and proper notice, before Robert C. Ervin, Superior Court Judge, on Plaintiffs' Motion for Preliminary Injunction. The Defendants' Motion to Dismiss for lack of personal jurisdiction was also noticed for hearing, but on two days prior notice. While Counsel for all parties presented arguments concerning both Motions, Counsel for

Plaintiffs requested an opportunity to supplement the record and engage in jurisdictional discovery concerning the Motion to Dismiss.

After hearing arguments from counsel, and examining the filings of record and the briefs submitted, the Court has determined that a final ruling on the Motion to Dismiss for lack of personal jurisdiction should be deferred pending expedited jurisdictional discovery and supplementation of the record. The Court reserves determination of the existence of personal jurisdiction over the Defendants until the completion of jurisdictional discovery and further development of the record.

The Temporary Restraining Order entered on March 14, 2007 is superseded by this Order.

The Court makes the following additional findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Wachovia is a national banking association with its main office and principal place of business located in Charlotte, Mecklenburg County, North Carolina. Wachovia Capital Markets, LLC ("WCM") is an affiliate of Wachovia and is a limited liability company with its principal place of business in Charlotte, Mecklenburg County, North Carolina.

2. On or about September 1, 2006, Wachovia committed to arrange loans of over $265 million to a company known as Le-Nature's, Inc. ("Le-Nature's") pursuant to the Credit Agreement. WCM syndicated the loans pursuant to Section 9.6(c) of the Credit Agreement and the form Commitment Transfer Supplement (the "Supplement") authorized by such Section and attached to the Credit Agreement as Schedule 9.6(c). Each entity that became a member of the Le-Nature's syndicate in this manner, whether

pursuant to the original syndication thereof or subsequent assignments, became a "Lender" under and within the meaning of the Credit Agreement.

3. A secondary market exists for interests in syndicated loans. Some original Lenders have further assigned their loans pursuant to the Supplement, or granted participations therein to entities that were not original Lenders under the Credit Agreement.

4. An involuntary bankruptcy petition was filed against Le-Nature's in the United States Bankruptcy Court for the Western District of Pennsylvania on November 1, 2006.

5. It became publicly known within the secondary market for syndicated loans on or before November 2, 2006 that Le-Nature's had engaged in a massive fraud and provided materially misleading financial information to Plaintiffs, the original members of the syndicate, and other creditors.

6. After news of Le-Nature's fraud became public, many of the then-current syndicate members (*i.e.*, Lenders who were parties to the Credit Agreement) sold their interests therein by making assignments using the form Supplement.

7. Defendants Harbinger Capital Partners Master Fund I Ltd., Aurelius Capital Master, Ltd., Aurelius Capital Partners, LP, Taconic Opportunity Fund L.P., Schultze Master Fund, Ltd., UBS Willow Fund, L.L.C., Arrow Distressed Securities Fund, and Latigo Master Fund, Ltd. (referred to herein as the "Fund Defendants") entered into and became parties to the Amended and Restated Credit Agreement (the "Credit Agreement") attached to the Harkness Affidavit as Exhibit A. By virtue of assignments from original members of the syndicate and from their assignees, the Fund Defendants became

members of the syndicate after November 2, 2006. Each Fund Defendant thereby became a Lender and a party to the Credit Agreement.

8. The Fund Defendants became members of the syndicate after it became widely known that Le-Nature's had engaged in fraud and after Le-Nature's had been placed in bankruptcy proceedings.

9. Typical Supplements by which the Fund Defendants became Lenders are attached to the Harkness Affidavit as Exhibit C. Several of the Fund Defendants acted through various partners or agents in executing the Supplements.

10. The Credit Agreement and the Supplements both provide that North Carolina law will govern, as is more specifically set forth therein.

11. All such Supplements, in addition to assigning an interest in the loans to the Fund Defendants, provide for the assignment of tort claims and causes of action against third parties "arising under or in connection with the Credit Agreement, any other documents or interests delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing," including potential claims against Wachovia and WCM, "to the extent permitted by applicable law."

12. The Fund Defendants have represented in briefs and argument that they executed agreements in the form attached to the Harkness Affidavit as Exhibit H, to which Wachovia and WCM are not parties. These agreements also provide for the assignment of certain third party tort claims and causes of action to the extent permitted by law. These agreements further provide that New York law will govern and purport to override any contrary terms of the Supplements.

13. The Fund Defendants have taken actions making it clear that the Fund Defendants intend to assert and pursue tort claims, which the Fund Defendants assert

have been assigned to them directly (or indirectly through intermediate assignments) by other prior members of the syndicate, against Wachovia, WCM, and/or their past or present agents, employees, officers, directors, or others acting on their behalf for whose actions Wachovia or WCM would be responsible under the doctrine of respondeat superior or under other similar legal principles (all of which agents, employees, officers, directors and others are herein jointly referred to as "Wachovia Employees").

14. Plaintiffs contend that any assignment of Personal Tort Claims (as that term is used below in ordering paragraph 2) is unenforceable against Plaintiffs and/or ineffective, and that the Fund Defendants may not bring claims or suits against Plaintiffs arising from or relating to credit extended pursuant to the Credit Agreement asserting assigned Personal Tort Claims. Plaintiffs also allege that the Defendants have engaged in champerty and other wrongful conduct. Plaintiffs seek in their Complaint a declaration that any assignment of Personal Tort Claims against Plaintiffs is unenforceable against Plaintiffs and/or ineffective. The Fund Defendants contend that the supplements and agreements in the form attached to the Harkness Affidavit as Exhibits C and H validly assigned Personal Tort Claims against Plaintiffs, which can be asserted by the Fund Defendants.

15. The Plaintiffs also contend that any future assignments of any Personal Tort Claims against the Plaintiffs to or by any Fund Defendants would be unenforceable against the Plaintiffs, ineffective, wrongful and/or champertous. The Defendants contend otherwise.

16. There is a presently existing controversy ripe for resolution by this Court.

17. In their Complaint, the Plaintiffs seek a determination of the effectiveness and enforceability of the assignments of tort claims at issue (pursuant to the forms attached as

Exhibits C and H to the Harkness Affidavit, or otherwise documented) and of any future assignments of these tort claims. Unless this Court enters this Preliminary Injunction to ensure that the Fund Defendants assert any assigned Personal Tort Claims against Plaintiffs only in this action, it will be impractical for the Plaintiffs to obtain the determination they seek in a reasonable and orderly manner consistent with the ends of justice. Further, unless this Court enters this Preliminary Injunction to ensure that any person or entity to which any Fund Defendant assigns any such Personal Tort Claims is bound by this Order and consents to be joined in this action, it will be impractical for the Plaintiffs to obtain the determination they seek in a reasonable and orderly manner consistent with the interests of justice. The same restrictions must be placed upon all future assignees to which any Fund Defendant transfers, or purports to transfer, a Personal Tort Claim. Should the Fund Defendants be allowed to assign such Personal Tort Claims against Plaintiffs while this action is pending, without restriction, a multiplicity of suits in a number of jurisdictions will likely result.

18. The controversy presented for resolution in this action should be fully and solely resolved in this Court to prevent the Plaintiffs from being subjected to a multiplicity of lawsuits concerning the effectiveness and enforceability of the assignments and any future assignments of Personal Tort Claims against the Plaintiffs arising from or relating to the Credit Agreement. Any other proceedings instituted concerning these issues would be duplicative, wasteful, vexatious, and harassing. Injunctive relief should be entered here, on a preliminary basis, to prevent duplicative litigation, which might produce inconsistent results. Duplicative litigation would serve no useful purpose and result in an unnecessary and wasteful use of Court and litigant resources.

## CONCLUSIONS OF LAW

1. Injunctive relief should be entered here, on a preliminary basis, to preserve the Court's jurisdiction, to protect the rights and interests of the Plaintiffs while the parties conduct expedited jurisdictional discovery, and while the Court thereafter considers Defendants' Motion To Dismiss.

2. Anti-suit injunctions have been recognized as appropriate to address a threat to a court's jurisdiction, to prevent the evasion of important public policy, to prevent a multiplicity of suits, or to protect a party from vexatious or harassing litigation. Such an injunction is warranted here.

3. North Carolina law provides that an injunction may issue against a litigant to prevent the subsequent prosecution of an action that may subvert the rulings of the courts of this State and subject a party to unreasonable and vexatious burdens.

4. Plaintiffs here seek declaratory judgments concerning the effectiveness and enforceability of assignments and future assignments of Personal Tort Claims. In this situation, the Court is authorized to enjoin a party from bringing a subsequent action in another court in another jurisdiction when that subsequent action has the potential to delay or interfere with adjudication of the parties' rights in this action.

5. The factual and legal requirements for entry of a Preliminary Injunction under N.C.G.S. §1-485 and North Carolina Rule of Civil Procedure 65 have been satisfied.

6. This Court does not determine now whether any assignments to date or future assignments (to or by the Fund Defendants) of Personal Tort Claims as defined in paragraphs 1 and 2 below against the Plaintiffs are effective and enforceable, or

ineffective and/or unenforceable against Plaintiffs. That issue is expressly reserved for future resolution, and this Order in no respect validates or invalidates such assignments or future assignments.

7. North Carolina Rule of Civil Procedure 65(d) provides that a Preliminary Injunction shall be binding upon each enjoined defendant and its officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice in any manner of the Injunction by personal service or otherwise.

8. The Temporary Restraining Order prevented the Defendants from asserting any Personal Tort Claims that arise from or relate in any respect to credit extended by any entity to Le-Nature's, Inc., and thus precluded the assertion of such Personal Tort Claims in any forum, including as counterclaims in this action. The assertion of assigned Personal Tort Claims solely as counterclaims in this action will not injure the Plaintiffs and the Fund Defendants are entitled to assert their legal claims in some court of law. In this Preliminary Injunction, no Defendant need be restrained from asserting unassigned Personal Tort Claims (*i.e.*, any Personal Tort Claims not being asserted pursuant to an assignment and alleging wrongful conduct after the date on which such Fund Defendant first became a Lender pursuant to the Credit Agreement), nor for purposes of this proceeding need the Defendants be restrained from asserting Personal Tort Claims against persons or entities other than the Plaintiffs and Wachovia Employees. The Plaintiffs do not contend that claims for breach of contract, against the Plaintiffs or others, cannot be assigned and the Fund Defendants should not be enjoined from asserting such breach of contract claims. In addition, since the Fund Defendants are the

assignees pursuant to the assignments at issue, the remaining Defendants hold no assigned Personal Tort Claims that could be asserted.

9. Given the nature of the injunctive relief granted and the wherewithal and financial solvency of the Plaintiffs, no additional bond shall be required.

Now, therefore, it is hereby ORDERED, ADJUDGED, and DECREED that a final ruling on Defendants' Motion to Dismiss for lack of personal jurisdiction is hereby DEFERRED pending completion of expedited jurisdictional discovery and supplementation of the record; and

It is further ORDERED, ADJUDGED, and DECREED that

1. Except as expressly permitted in paragraphs 3 and 4 below, the Fund Defendants and all of their officers, agents, servants, employees, and attorneys, and all persons and entities acting in active concert or participation with them who receive actual notice in any manner of this Order by personal service or otherwise (the "Enjoined Persons and Entities"), are hereby enjoined from asserting, filing, prosecuting, attempting to assign or transfer in any other manner, or otherwise pursuing any Personal Tort Claims as defined in paragraph 2 below against the Plaintiffs or any Wachovia Employees that were assigned to any one or more Fund Defendant(s) arising from or relating in any respect to credit extended to Le-Nature's, Inc. and its affiliates pursuant to the Credit Agreement in any court other than this Court against Wachovia, WCM, and/or their past or present agents, employees, officers, directors, or other acting on their behalf whose actions Wachovia or WCM would be responsible under the doctrine of respondeat superior or under other similar legal principles (all of which agents, employees, officers, directors and others are hereby jointly referred to as "Wachovia Employees") to the

extent arising from any acts or omissions of Wachovia, WCM or any Wachovia Employees with respect to Plaintiffs' roles relating to the Credit Agreement.

2. The Enjoined Persons and Entities are prohibited from asserting, as set forth in paragraph one above, the following statutory or common law causes of action, whether arising under the law of North Carolina or of any other state (collectively "Personal Tort Claims"): (a) fraudulent and negligent omissions or misrepresentations, or both, (b) constructive fraud, (c) negligence, (d) breach of fiduciary duty, (e) tortious interference, (f) unfair trade practices, (g) racketeering, (h) conspiracy to commit any of the aforelisted causes of action, (i) aiding or abetting the commission of any of the aforelisted causes of action; and (j) any other causes of action founded in whole or in part upon allegedly tortious conduct.

3. The Fund Defendants may, but are not required to, assert in this action, any assigned Personal Tort Claims against Plaintiffs and/or Wachovia Employees. Further, notwithstanding anything to the contrary set forth in the immediately preceding paragraphs of this Order, the Enjoined Persons and Entities are not enjoined in any respect from bringing or asserting in any court or assigning any contract claims against Plaintiffs and/or Wachovia Employees.

4. The Enjoined Persons and Entities are not enjoined from assigning, and Plaintiffs will not suffer irreparable harm should Defendants in the future assign, any Personal Tort Claims against Plaintiffs and/or Wachovia Employees that were assigned to any Defendants arising from or relating in any respect to credit extended to Le-Nature's, Inc. pursuant to the Credit Agreement, provided that if the assignee is not a Fund Defendant as of the date of this Order, such assignee (and each such subsequent assignee, if there are multiple future assignments) must be provided by the assignor with

a copy of this Order and must execute and deliver to counsel for the Plaintiffs a Consent and Agreement, in the form attached hereto, and must agree (a) to consent to be joined as a defendant in this action and to this Court exercising jurisdiction over the assignee in this Court for purposes of this Preliminary Injunction and the litigation of the Plaintiff's claims concerning the validity and legality of the assignment of Personal Tort Claims and (b) to be fully bound by and comply in all respects with this Preliminary Injunction as if the assignee were currently named as a Fund Defendant herein, unless and until this Preliminary Injunction is lifted; and (c) to refrain from further assignment or attempted assignment of such Personal Tort Claims unless each further assignee executes and delivers the Consent and Agreement form attached hereto, and agrees to the conditions and restrictions in this paragraph.

5.  The Court expressly reserves for future resolution whether any assignments or future assignments (to or by the Fund Defendants) of Personal Tort Claims against Plaintiffs are effective and enforceable.

It is further ORDERED, ADJUDGED, and DECREED that the Plaintiffs' previously posted bond in the amount of $1,000 shall be sufficient for entry of this Preliminary Injunction and shall remain in effect for the payment of any costs and damages as may be incurred by the defendants if it is later found that they were wrongfully enjoined herein. However, the amount of the bond shall not limit in any respect the defendants' right to recover damages based on a claim that they were wrongfully enjoined in this action.

Entered on this _12th_ day of April, 2007.

Robert C. Ervin

## CONSENT AND AGREEMENT

The undersigned person or entity (the "Assignee") hereby represents, warrants, consents, and agrees that:

1.    The Assignee has read and understands the Order Granting Preliminary Injunction and Deferring Final Ruling on Motion to Dismiss (the "Order") entered on April _, 2007 in the case captioned *Wachovia Bank, National Association, et al. v. Harbinger Capital Partners Master Fund I, Ltd., et al.*, Civil Action No: 07-CVS-5097 (the "Action") pending in Mecklenburg County Superior Court (the "Court"). Capitalized terms used herein shall have the meanings attributed thereto in the Order. The Assignee will be fully bound by and will comply with the provisions of the Order.

2.    The Assignee consents to be joined as a defendant in the Action, and consents to the assertion of jurisdiction over the Assignee in the courts of North Carolina for purposes of matters relating to Plaintiffs' complaint in the Action.

3.    The Assignee will be fully bound by and comply in all respects with the Order as if the Assignee were named as a Fund Defendant in the Action on the date the Order was entered, unless and until relieved of such obligation by the Court in whole or in part.

4.    The Assignee will refrain from further assignment or reassignment of such Personal Tort Claims against Plaintiffs or Wachovia Employees unless each further assignee executes and delivers this Consent form.

5.    The Assignee will accept service of summons, complaint, and other process in the Action directed to the following address within the United States (whether served in person, by certified mail/return receipt requested, or by Federal Express/signature required):

_____

_____

_____

6.    The Assignee will provide this original signed Consent and Agreement by Federal Express, overnight delivery, to Robert Fuller, Robinson Bradshaw & Hinson, P.A., 101 N. Tryon Street, Suite 1900, Charlotte, N.C. 28246 immediately upon execution hereof.

7.    The Assignee is a _____ [specify type of entity and state or nation where organized or incorporated if not a natural person] with its principal place of business in _____ [specify city or county, state, and nation].

8.    The full formal legal name of the Assignee is _____.

9.    The undersigned has full authority to execute this Consent and Agreement on behalf of Assignee.

ASSIGNEE

By: _____
       (signature)

_____
       (type name of signatory)

Its: _____
       (specify title of signatory)

Date: _____

# 50227260 v3